UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kelee Marie Krohn,

    Plaintiff,

v.                                          Case No. 12-13535
                                             Honorable Sean F. Cox
                                             Magistrate Judge R. Steven Whalen

Commissioner of Social Security,

    Defendant.
_____/

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff brought this action seeking judicial review of the Commissioner of Social Security's determination that she is not entitled to disability insurance benefits and supplemental security income for her physical and mental impairments under 42 U.S.C. § 405(g). (Doc. #1).

Some time thereafter, Plaintiff and Defendant filed cross-motions for summary judgment. (Doc. #11 and Doc. #17). These motions were referred to Magistrate Judge R. Steven Whalen for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1).

On December 2, 2013, Magistrate Judge Whalen issued a Report and Recommendation ("R&R") wherein he recommended that the Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment. (Doc. #19). Plaintiff timely filed objections to this R&R on December 16, 2013. (Doc. #20). Defendant has not responded to Plaintiff's objections, and the time for such response has passed.

Pursuant to Fed. R. Civ. P. 72(b), a party objecting to the recommended disposition of a

1

matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*.

Having considered Plaintiff's objections to the R&R, the Court finds the objections to be without merit. The Court shall therefore adopt the R&R, deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Motion for Summary Judgment.

## ANALYSIS

Plaintiff's Motion for Summary Judgment sought to have this Court reverse the Administrative Law Judge's (ALJ) conclusion that Plaintiff was not under a disability because she could perform "light exertional work" with certain limitations, such as the work of a bench assembler or bakery worker. (Pl.'s Br. at 2).

Plaintiff argued specifically that the ALJ erred in rejecting the opinion of Dr. Ross Thayer solely because he was a non-treating source, (Pl.'s Br. at 6-8) and that the vocational expert's testimony is unreliable because it allowed for incidental public contact when Dr. Schirado limited her to jobs with no public contact. (Pl.'s Br. at 8-10).

Defendant cross-motioned for summary judgment, arguing that the ALJ's characterization of Plaintiff's impairment was supported by substantial evidence, that Dr. Ross Thayer's opinion was not material to the ALJ's decision even if it was improperly discounted (Def.'s Br. at 5), and that the ALJ properly incorporated Dr. Schirado's testimony in his residual functional capacity ("RFC") finding. (Def.'s Br. at 11).

Magistrate Judge Whalen recommended that the Court deny Plaintiff's motion and grant Defendant's motion because the ALJ relied on substantial evidence in concluding that Plaintiff is

not disabled. (R&R at 16-17). Magistrate Judge Whalen found that although Plaintiff does suffer from some psychological limitations, but that the ALJ was correct in finding that Plaintiff grossly exaggerated her physical and mental symptoms, (R&R at 10), and that the record (including the opinions of Dr. Schirado and Dr. Thayer) supports that she is capable of "a significant range of unskilled work." (R&R at 16).

In regards to the December 2, 2013 R&R, Plaintiff raises two objections: that Magistrate Judge Whalen "erred in excusing the ALJ's rejection of the opinions of plaintiff's treating therapist" Dr. Thayer, (Pl.'s Obj. at 2) and that "the Magistrate Judge erred in finding that the ALJ had properly taken into account the opinions of Dr. Schirado." (Pl.'s Obj. at 3).

The Court finds these objections without merit. As Magistrate Judge Whalen stated in his R&R:

> Plaintiff's claim that the ALJ rejected Thayer's October, 2010 opinion simply because the therapist was not a treating source amounts to a misstatement of the record. The ALJ's finding that "Mr. Thayer is not a physician or an acceptable medical source" is preceded by a discussion of Thayer's October, 2010 therapy records indicating that Plaintiff exhibited "some problems" "when seen on October 15, 2010" but that 'improvements were noted with progress made' as of November 4, 2010 . . . As such, the ALJ provided substantive reasons for rejecting Thayer's opinion, aside from noting that the therapist was not an 'acceptable treating source.'

(R&R at 12) (internal citations omitted). Thus, Magistrate Judge Whalen found that the ALJ sufficiently articulated his reasoning consistent with the requirements of SSR 06-3p mandate. *See SSR-06-3p*, 2006 WL 2329939 at *6 (August 6, 2006).

Next, in regards to the ALJ's treatment of Dr. Schirado's opinions, Magistrate Judge Whalen wrote:

> Plaintiff is correct that a hypothetical question constitutes substantial evidence only if it accurately portrays the individual's physical and mental impairments . . . However, Plaintiff has failed to show how Dr. Schirado's finding of "no work with

3

> the public" materially differs from the limitation of only "incidental contact with the public" as found in the hypothetical question and RCF. A plain reading of Dr. Schirado's findings . . . is consistent with the hypothetical question and RFC . . . Plaintiff has not shown how using Dr. Schirado's "no work with the public" instead of "incidental contact with the public" would have changed the VE's [vocational expert's] findings.

(R&R at 13-14). Magistrate Judge Whalen concluded that the ALJ's choice of hypothetical limitations was supported by substantial evidence. (R&R at 16).

Plaintiff has presented no argument that persuades this Court to reject Magistrate Judge Whalen's conclusions. Accordingly, the Court concludes that Plaintiff's objections to the December 2, 2013 R&R are without merit and shall ADOPT AND ACCEPT the December 2, 2013 R&R. Thus, the Court shall DENY Plaintiff's Motion for Summary Judgment and GRANT Defendant's Motion for Summary Judgment.

## ORDER

For the reasons set forth above IT IS ORDERED that the Court ACCEPTS AND ADOPTS the December 2, 2013 R&R. IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED. IT IS FURTHER ORDERED that Plaintiff's First Amended Complaint shall be DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 23, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 23, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager